UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES M. PEDDY, II** | * | CIVIL ACTION NO. _____ |
| | * | |
| VS. | * | JUDGE: |
| | * | |
| **QUALIS CARE OF LOUISIANA, LLC;** | * | MAGISTRATE: |
| | * | |
| **RECOVERY HOUSE OF EAST TENNESSEE, LLC; AND** | * | |
| | * | |
| **LUX MED HOLDINGS** | * | |
| | * | |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, James M. Peddy, II, a resident and domiciliary of the State of Louisiana, City of New Orleans, who appears herein to file his Complaint and with respect represents:

1.

Made Defendants herein are:

- a. Qualis Care of Louisiana, LLC, a foreign limited liability company authorized to do and doing business in the state of Louisiana with its principal place of business located in New Orleans, Louisiana;

- b. Recovery House of East Tennessee, LLC, a foreign limited liability company not authorized to do business in Louisiana; and

- c. Lux Med Holdings, a foreign entity not authorized to do but doing business in the state of Louisiana.

1

2.

On or about February 1, 2016, James M. Peddy, II, (hereinafter "Plaintiff") executed an employment contract with Lux Med Holdings (hereinafter "Lux Med"), pseudonym, holding company, and/or alter ego of Qualis Care of Louisiana, LLC (hereinafter "Qualis Care") and Recovery House of East Tennessee, LLC (hereinafter "Recovery House").[1]  Said employment agreement provided for a base salary to Plaintiff of $9,000 per month for 10 years, the termination date of which was set for January 31, 2026.  As additional compensation for his employment, Plaintiff was promised 1% of the net profits of "the Company" for a period of five years.

3.

The job title assigned to Plaintiff by Lux Med in the employment agreement was "COO/Director of Operations."  Upon information and belief, Lux Med is a pseudonym for the parent, holding company, and/or alter ego of Qualis Care and Recovery House.

4.

On or about September 26, 2017, Plaintiff was wrongfully discharged, without cause and in bad faith under false pretenses by Lux Med, Recovery House, and Qualis Care.

5.

Lux Med at all times acted through and conducted business as Qualis Care and Recovery House. While serving as both COO/Director of Operations of Lux Med, Plaintiff was simultaneously employed, in the capacity as Chief Executive Officer by both Qualis Care and Recovery House.  Lux Med, Qualis Care, and Recovery House were joint employers of Plaintiff.

---

[1] See attached Exhibit A.

6.

Since his employment on February 1, 2016, Plaintiff has been paid from checking accounts of "Recovery House of Tennessee, LLC" and "FCCC, LLC" of Henderson, Nevada, upon information and belief, a shill company, and alter ego of Lux Med and/or Qualis Care.

7.

Upon information and belief, Qualis Care, Recovery House, and Lux Med share the same ownership, management and financial control, and oversight and are participants in the same business.

8.

Upon his termination from his employment as COO/Director of Operations of Lux Med and Chief Executive Officer of Qualis Care and Recovery House, Plaintiff was approached by Colin Conner, II, President of Lux Med, owner and President of Qualis Care, and owner and President of Recovery House, in an attempt to negotiate a severance agreement with Plaintiff. Colin Conner, II physically met with Plaintiff in Plaintiff's office at Qualis Care to notify him that his employment had been terminated.

9.

The business of Lux Med, Qualis Care, and Recovery House are inextricably intertwined and are alter egos and/or joint employers for purposes of Plaintiff's employment.

10.

At all times pertinent during the term of the employment contract, prior to its breach by Defendants, Plaintiff reported directly to Colin Conner, II. Colin Conner, II is the President of Lux Med, owner and President of Qualis Care, and owner and President of Recovery House.

1512089.1

11.

All major decisions made by Plaintiff as the CEO of Qualis Care and Recovery House had to first be approved by Colin Conner, II. Additionally, Colin Conner, II, President of Lux Med and owner and President of Qualis Care, and owner and President of Recovery House, was intricately involved in the management, control, and day-to-day supervision over the activities of Qualis Care and Recovery House.

12.

The day-to-day activities of Plaintiff as CEO for Qualis Care and Recovery House were conducted under the oversight, management, and authority of Colin Conner, II, President of Lux Med, owner and President of Qualis Care, and owner and President of Recovery House.

13.

Plaintiff, from the outset of his employment with Lux Med, was involved with the establishment, registration, and licensure of Recovery House with the Tennessee regulating authorities and Qualis Care with the Louisiana Department of Health and Hospitals, all at the request of Colin Conner, II and Philip Neuman who, upon information and belief, is the owner of Lux Med.

14.

As evidenced by the fact that Plaintiff, the CEO of both Qualis Care and Recovery House, was terminated by Colin Conner, II who serves as President of Lux Med, Lux Med at all times had authority over the hiring and firing of the executive team of Qualis Care and Recovery House.

15.

Plaintiff, on a regular basis, in his role and as part of his duties and responsibilities with Qualis Care and Recovery House experienced day-to-day contact, oversight, and supervision by Colin Conner, II, President of Lux Med, owner and President of Qualis Care, and owner and President of Recovery House.

16.

No decision of any magnitude relative to Qualis Care and Recovery House was made without the consultation and approval of Colin Conner, II, President of Lux Med, owner and President of Qualis Care, and owner and President of Recovery House.

17.

Upon information and belief, the business, control, and financial dealings of Lux Med, Qualis Care, and Recovery House were intimately intertwined such that each is the alter ego of the other and all three are joint employers of Plaintiff.

18.

The economic reality of the relationship between all three Defendants and Plaintiff is such that all three Defendants acted as Plaintiff's employer.

19.

All three Defendants, Qualis Care, Recovery House, and Lux Med, exercised a substantial degree of control over Plaintiff. The business of all three Defendants was financially and managerially intertwined such that all three entities were joint employers of Plaintiff.

20.

The control, management, oversight, and supervision over Plaintiff by all three Defendants were both "direct and immediate."

21.

All three Defendants controlled the premises, dictated the essential nature of the job, and imposed broad, as well as specific, operational contours of Plaintiff's employment and made specific personnel decisions and administered job performance on a day-to-day basis. Clearly, Plaintiff's working conditions were a byproduct of three layers of control.

22.

All three Defendants maintained and exercised the practical administerial ability to direct Plaintiff's job duties and responsibilities.

23.

All three Defendants maintained and exercised control over the terms and conditions of Plaintiff's employment.

24.

All three Defendants shared in the responsibility of payment of Plaintiff's wages.

25.

Upon the termination of Plaintiff's employment by Colin Conner, II, President of Lux Med, owner and President of Qualis Care, and owner and President of Recovery House, Plaintiff's employment and relationship with Qualis Care and Recovery House summarily ceased, as did his employment as CEO of each entity. Additionally, Plaintiff's employment with Lux Med as COO/Director of Operations ceased at the same time.

1512089.1

26.

All three employers - Lux Med, Qualis Care, and Recovery House - through Colin Conner, II, President of Lux Med, owner and President of Qualis Care, and owner and President of Recovery House, maintained and exercised actual control on a routine basis of Plaintiff while Plaintiff was serving as COO/Director of Operations of Lux Med, CEO of Qualis Care, and CEO of Recovery House of East Tennessee.

27.

All three Defendants through Colin Conner, II and Philip Neuman exercised actual supervision and control over the Plaintiff during his employment.

28.

Plaintiff was required, with the oversight and supervision of Colin Conner, II, President of Lux Med Holdings, owner and President of Qualis Care, and owner and President of Recovery House, to hire and fire employees of both Qualis Care and Recovery House.

29.

All three Defendants maintained actual, direct, and immediate control over Plaintiff during the term of his employment, principally through the actions of Colin Conner, II, President of Lux Med Holdings, owner and President of Qualis Care, and owner and President of Recovery House.

30.

Plaintiff's employment was terminated by Defendants on September 26, 2017 without cause and upon false pretenses and in bad faith, all in violation of the terms of his contract of employment and Louisiana law.

31.

Plaintiff is entitled to such payment as the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived. In the instant case, Plaintiff was employed for a fixed term of 10 years at the rate of $9,000 per month. Inasmuch as there remained approximately 100 months left on Plaintiff's contract at the time of his termination, he is due the base salary of $900,000 plus 5% of "the company's" net profits (the net profit of Lux Med Holdings, Qualis Care, and Recovery House) plus all consequential damages as a result of the Defendants' bad faith breach of contract.

32.

The $900,000 base salary became due and payable immediately upon Plaintiff's termination on September 26, 2017. Plaintiff has made demand contemporaneous with the filing of this Complaint for payment of those wages due.

33.

Failure to pay the wages due to Plaintiff within 15 days shall entitle Plaintiff to one day's pay for every day such payment is late up to a total of 90 days' pay plus attorney fees and costs related to these proceedings, pursuant to La. R.S. 23:631, 632. As of the date of this filing, Defendants have not paid to Plaintiff the outstanding wages due under the terms of his contract.

WHEREFORE, Plaintiff prays that, after due proceedings had, he be awarded damages as a result of Defendants' breach of his employment contract in the amount of $900,000 as wages due, plus 5% net profits of "the Company" (Lux Med Holdings, Qualis Care, and Recovery House), and that he be awarded penalty wages up to 90 days for failure to pay wages due plus reasonable attorney fees and costs of these proceedings.

1512089.1

Respectfully submitted,

**BREAZEALE, SACHSE & WILSON, L.L.P.**
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone:  225-387-4000
Email: Murphy.Foster@bswllp.com


*/s/ Murphy J. Foster, III*
Murphy J. Foster, III (La. Bar Roll #5779)
**Counsel for James M. Peddy, II**


**SERVICE REQUESTED ON:**

Qualis Care of Louisiana, LLC
via its registered agent for service of process
Registered Agents, Inc.
201 Rue Beauregard
Suite 202
Lafayette, Louisiana 70508-3399

Recovery House of East Tennessee, LLC
via its registered agent for service of process
Registered Agents, Inc.
5810 Shelby Oaks Drive, Suite B
Memphis, Tennessee 38134-7315

Recovery House of East Tennessee, LLC
via its registered agent for service of process
Capital Administrations, LLC
1712 Pioneer Avenue - #115
Cheyenne, Wyoming 82001-4406

Lux Med Holdings
Attention:  Colin Conner, II
Global Behavioral Health Solutions, LLC
34 Madeira Avenue, Apartment 2
Coral Gables, Florida 33134-4671

Lux Med Holdings
Attention:  Colin Conner, II
Qualis Care of Louisiana, LLC
4201 Woodland Drive
New Orleans, Louisiana 70131

Lux Med Holdings
Attention:  Colin Conner, II
Recovery House of East Tennessee, LLC
and Qualis Care of East Tennessee
105 Caldwell Circle
Oliver Springs, Tennessee 37840-2328

Lux Med Holdings
Attention:  Colin Conner, II
FCCC, LLC
1000 N. Green Valley Parkway
Suite 440, Unit 396
Henderson, Nevada 89074-6172

Lux Med Holdings
Attention:  Colin Conner, II
473 Water Street
Celebration, Florida 34747

Lux Med Holdings
Attention:  Colin Conner, II
Global Secured, LLC
13575 58th Street North
Clearwater, Florida 33760

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES M. PEDDY, II | * | CIVIL ACTION NO. _____ |
| | * | |
| VS. | * | JUDGE: |
| | * | |
| QUALISCARE OF LOUISIANA, LLC; | * | MAGISTRATE: |
| RECOVERY HOUSE OF EAST TENNESSEE, LLC; AND | * | |
| LUX MED HOLDINGS | * | |

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, Notary Public, in and for the State and Parish aforesaid, personally came and appeared:

### JAMES M. PEDDY, II

who, after being duly sworn, did depose and state that he is the former COO/Director of Operations for Lux Med Holdings and the former Chief Executive Officer of both QualisCare of Louisiana, LLC and Recovery House of East Tennessee, LLC and that the information and facts contained in his Complaint are true and correct to the best of his knowledge, information, and belief.

_____
JAMES M. PEDDY, II

SWORN TO AND SUBSCRIBED before me, this 11 day of October, 2017, in _____, Louisiana.

_____
NOTARY PUBLIC
BY: Forrest L. Mde, NOTARY ID. NO. _____

1512564.1