UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES M. PEDDY, II** | **CIVIL ACTION NO.: 2:17-10556-SSV-JVM** |
| **VERSUS** | |
| | **JUDGE: SARAH S. VANCE** |
| **QUALIS CARE OF LOUISIANA, LLC; RECOVERY HOUSE OF EAST TENNESSEE, LLC; AND LUX MED HOLDINGS** | **MAGISTRATE: JANIS VAN MEERVELD** |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

NOW COMES, James M. Peddy, II ("Peddy"), Plaintiff in the above captioned cause who submits the following Statement of Undisputed Material Facts in support of his Motion for Summary Judgment:

1. Peddy entered a contract with a ten year term from February 1, 2016 through January 31, 2026 to serve as COO/Director of Operations for Lux Med Holdings ("Lux Med").[1]

2. Peddy's beginning salary when employed by Lux Med was $6,000/month for the first four months; $7,000/month for the second four months; and $9,000/month thereafter.[2]

3. Lux Med is a non-operational company and a d/b/a of Capital Wealth Strategies, LLC ("Capital Wealth").[3]

4. Capital Wealth d/b/a Lux Med is the sole owner of Qualis Care of Louisiana ("Qualis") and Recovery House of East Tennessee ("Recovery House"), both of which are addiction recovery hospitals. Recovery House is in Tennessee. Qualis is in New Orleans.[4]

---

[1] Exhibit A-1 (Employment Agreement).
[2] Exhibit A-1 (Employment Agreement).
[3] Exhibit L (Defendants' discovery responses), Responses to Interrogatories Nos. 5 and 6.
[4] Exhibit L (Defendants' discovery responses), Response to Interrogatory No. 5; Exhibit A (Declaration of Peddy).

5. Peddy was responsible for organizing and starting both Recovery House and Qualis by filing all the necessary papers, representations, and certificates with various state agencies in Tennessee and Louisiana.[5]

6. Following the startup of both companies, Peddy held the position of CEO of Recovery House and Qualis and was responsible for running the day-to-day operations of both of these companies. Peddy was responsible for interviewing and hiring all of the employees at Recovery House and Qualis.[6]

7. Peddy would typically arrive at work at 8:00 a.m. and work until at least 5:00 p.m. Monday through Friday while working for Lux Med, Recovery House, and Qualis.[7]

8. Peddy spent my working time equally between Recovery House and Qualis. Peddy spent half of his time tending to the affairs and managing and maintaining the business of Recovery House in Tennessee, and Peddy spent the other half of his time organizing, managing, and maintaining Qualis in New Orleans. Peddy's primary office was located in Qualis in New Orleans and Peddy commuted back and forth to Tennessee to tend to his responsibilities at Recovery House.[8]

9. The people who worked with and for Peddy at Recovery House and Qualis all knew him as the CEO of Recovery House and Qualis and the person to whom all employees answered and who himself answered to Colin Conner.[9]

10. Colin Conner was Peddy's direct report, his boss. Peddy answered to Colin Conner, President of Lux Med, on all issues of any substance and all decisions of any magnitude

---

[5] Exhibit A (Declaration of Peddy).
[6] Exhibit A (Declaration of Peddy).
[7] Exhibit A (Declaration of Peddy).
[8] Exhibit A (Declaration of Peddy).
[9] Exhibit I (Deposition of Sequilla Carter, pp 18, 23, 26-27, 90-91, 91-92); Exhibit J (Deposition of Ajani Johnson, pp. 9, 43, 44, 45); Exhibit G (Deposition of Dorie Montgomery, pp. 33, 58, 59, 66); Exhibit F (Deposition of Juan Harris, p. 9, 10, 11); Exhibit K (Deposition of Ilham Saleh, p. 38).

1713544.1

had to be approved by Colin Conner. Colin Conner was responsible for approving all major purchases and acquisitions by both Recovery House and Qualis.[10]

11. Colin Conner reported to Phil Neuman. Peddy also regularly communicated with Phil Neuman regarding the decisions that took place at Recovery House or Qualis.[11]

12. Defendants maintained a personnel file for Peddy.[12]

13. Peddy had no say in how Lux Med, Recovery House, or Qualis were financed. Peddy does not now know nor has he ever known the debt structure of any of these three companies. Peddy has no idea how their debt was structured or when they would be in the black or when they would be in the red.[13]

14. Peddy had no investment in Lux Med, Recovery House, or Qualis. Whether any of those three entities made money or operated in the "black" was in large part a function of their debt structure, something Peddy had no control over and nothing to do with whatsoever.[14]

15. Lux Med has zero value, zero net worth, and never operated out of the red.[15]

16. Peddy was terminated from my employment with Defendants in a meeting in Louisiana on September 26, 2017. Peddy's employment termination was confirmed by letter from Colin Conner, in his capacity as President of Lux Med, dated October 2, 2017, which stated:

> This letter serves to memorialize the meeting held Tuesday, September 26, 2017 and your termination of employment as Chief Operating Officer of Lux Med Holdings.
>
> As stated at the meeting, you were terminated for cause; namely, subjecting our human resources director to unwelcome harassment based

---

[10] Exhibit A (Declaration of Peddy); Exhibit A-2 *in globo* (Text messages between Peddy and Conner).
[11] Exhibit A (Declaration of Peddy); Exhibit A-3 *in globo* (Text messages between Peddy and Neuman).
[12] Exhibit L (Defendants' discovery responses), Response to Request for Production No. 7.
[13] Exhibit A (Declaration of Peddy).
[14] Exhibit A (Declaration of Peddy).
[15] Exhibit H (Deposition of Colin Conner, pp. 57-58).

1713544.1

on race. Your actions cast a reflection on the Company that was unacceptable.[16]

17. Peddy was never told what it was that he supposedly said to Dorie Montgomery that caused him to be fired. Peddy was never asked if Dorie Montgomery's allegations about his comments were true.[17]

18. Peddy's contract defined "cause" for termination as follows:

> For purposes of this Agreement, "cause" shall mean (i) Consultant's willful failure to perform his duties hereunder, such as not able to perform the duties as (described above); (ii) Consultant's conviction of, or plea of *nolo contendere* to, any crime under the laws of the United States or any State thereof; (iii) Consultant's death, or if Consultant becomes physically or mentally incapacitated.[18]

19. Defendants have entered a stipulation in these proceedings that Peddy performed his services for Defendants in a workmanlike manner.[19]

20. At no time did Peddy ever willfully fail to perform jis duties as required under the contract, nor was Peddy unable to perform my duties as required under the contract. At no time during his employment with the company was Peddy ever convicted of any crime and Peddy never pled *nolo contendre* to any crime under the laws of the United States or the state of Louisiana. At no time during his employment with Defendants did Peddy become physically or mentally incapacitated to perform my job. At no time during his employment with the company did Peddy ever resign, quit, or refuse to work.[20]

21. At the time Peddy was terminated, Peddy was a resident of and domiciled in the Parish of Orleans, New Orleans, Louisiana.[21]

---

[16] Exhibit A (Declaration of Peddy); Exhibit A-4 (Termination letter).
[17] Exhibit A (Declaration of Peddy).
[18] Exhibit A-1 (Employment Agreement).
[19] R. Doc. 84
[20] Exhibit A (Declaration of Peddy).
[21] Exhibit A (Declaration of Peddy).

1713544.1

22. At no time subsequent to his termination did Peddy ever expressly, knowingly, or voluntarily agree to or ratify the choice of law provision in my contract with Lux Med.[22]

23. On October 12, 2017, demand was made on Defendants for payment of Peddy's future salaries due pursuant to La. Civil Code Art. 2749. To date, Defendants have refused to pay to me any of those monies demanded.[23]

BREAZEALE, SACHSE & WILSON, L.L.P.
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Facsimile: 225-381-8029
Email: Murphy.Foster@bswllp.com

*/s/ Murphy J. Foster, III*
Murphy J. Foster, III (La. Bar Roll No. 5779)
Sunny Mayhall West (La. Bar Roll No. 33968)
Jacob E. Roussel (La. Bar Roll No. 34742)
*Counsel for James M. Peddy, II*

---

[22] Exhibit A (Declaration of Peddy).
[23] Exhibit A (Declaration of Peddy); Exhibit N (Demand Letter).